# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Clarence Small, | ) | C/A No. 2:16-cv-2553-HMH-MGB |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | REPORT & RECOMMENDATION |
| Warden Willie L. Eagleton, Official Capacity; | ) | |
| Officer Bradsher; Officer Shaw, all sued in | ) | |
| their individual capacities; | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. The Plaintiff is incarcerated in the South Carolina Department of Corrections ("SCDC"). This matter is before the court on the following three motions:

1. [Defendants'] Motion for Summary Judgment (Dkt. No. 29.)

2. Plaintiff's Motion for Summary Judgment Pursuant to Rule 56 Fed. R. Civ. P. (Dkt. No. 38.)

3. Plaintiff's Motion for Summary Judgment (Dkt. No. 57.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration. For the reasons contained herein, the undersigned recommends that the Defendants' Motion for Summary Judgement (Dkt. No. 29) be granted and the Plaintiff's Motions for Summary Judgment (Dkt. Nos. 38 & 57) be denied.

1

## Procedural History

The Plaintiff, appearing *pro se*, filed his Complaint on July 13, 2016. (Dkt. No. 1.) On October 25, 2016, the [Defendants'] Motion for Summary Judgment was filed. (Dkt. No. 29.) The following day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 30.) The Plaintiff responded to the motion on November 28, 2016. (Dkt. No. 37.) The Defendants filed their Reply on December 8, 2016.

On December 1, 2016, the Plaintiff filed his first Motion for Summary Judgment. The Defendants responded on December 19, 2016. The Plaintiff then filed his second Motion for Summary Judgment on February 10, 2017. The Defendants responded on February 24, 2017.

## Factual Background

The Plaintiff is currently incarcerated at Evans Correctional Institution ("ECI") as the result of his convictions in state court. On February 2, 2016, the Plaintiff was being transported to a court appearance in an SCDC van. (Dkt. Nos. 1; 29-2.) Defendant Bradsher was driving the van, and Defendant Shaw was aiding in the transport. (Dkt. No. 29-2.) While traveling through Society Hill, South Carolina, a deer darted out in front of the van and was struck. (Dkt. Nos. 1; 29-2.)

After striking the deer, Defendant Bradsher stopped the van and checked on the Plaintiff. (*Id.*) Defendant Bradsher and Defendant Shaw averred that the Plaintiff said that he was not injured and did not require any medical attention. (Dkt. Nos. 29-2; 29-3.) Both of these Defendants maintain that the Plaintiff was in his seatbelt at the time of the incident. (*Id.*) The Plaintiff alleges that he told Defendants Bradsher and Shaw that his head, back and neck were hurting and he needed to go to the hospital. (Dkt. No. 57-1 at 3.) The Plaintiff states that

Defendants Bradsher and Shaw are lying regarding his seatbelt and that he was not belted during the transport. (*Id.* at 2.)

The parties agree that following the stop to check on the van and Plaintiff, the van took the Plaintiff to his court appearance. (Dkt. Nos. 1; 29-2; 29-3.) Neither the police nor an ambulance were called to the scene of the incident. (*Id.*) The Plaintiff was examined by prison medical personnel the following morning, on February 3, 2016. (Dkt. No. 29-5 at 2.) The Plaintiff complained of back pain. (*Id.*) According to the nurse that examined the Plaintiff, the Plaintiff had been given ibuprofen the previous night, joked that he was going to sue the state for money, and told the nurse he was wearing his seatbelt. (*Id.*)

The Plaintiff was examined again the following day on February 4, 2016, with complaints of lower back pain. (Dkt. No. 29-5 at 2.) The Plaintiff told the nurse he was not wearing his seatbelt. (*Id.*) The Plaintiff was again seen on February 5, 2016, for complaints of back pain. (*Id.*) The Plaintiff requested an x-ray, which was taken on February 8, 2016. (*Id.* at 2-3.) The x-ray showed the Plaintiff had a normal lumbar spine. (*Id.*) Further x-rays were taken on March 21, 2016, and showed a normal C-spine and L-spine. (*Id.* at 4.) Between February 3, 2016 and September 1, 2016, the Plaintiff was seen by medical staff in the prison at least 25 times. (Dkt. No. 29-5 at 2-6.) The Plaintiff alleges that he suffers from pain in his back, neck, and head and has high blood pressure as a result of the collision. (Dkt. No. 1.)

The only allegation in the Complaint against Defendant Warden Willie L. Eagleton is that Defendant Eagleton "is responsible for the defendants." (Dkt. No. 1 at 5.) In his second Motion for Summary Judgment, the Plaintiff additionally contends that Defendant Eagleton failed "to retain health [sic] care professionals that are adequate to meet the needs of the inmate population." (Dkt. No. 57-1 at 15.)

## Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" *Id*. (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). The court "must construe *pro se* complaints liberally and liberal construction of the pleadings is particularly appropriate where, as here, there is a *pro se* complaint raising civil rights issues." *Jehovah v. Clarke*, 798 F.3d 169, 176 (4th Cir. 2015), *cert. denied,* 136 S. Ct. 1829, 194 L. Ed. 2d 834 (2016), *reh'g denied,* 136 S. Ct. 2503, 195 L. Ed. 2d 836 (2016) (internal quotation marks and citations omitted).

## Analysis

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); *see also Gomez v. Toledo*, 446 U.S. 635, 540 (1983); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). In a § 1983 action, "liability is

personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

## Claims Against Defendants Bradsher and Shaw

The Plaintiff alleges that Defendants Bradsher and Shaw violated his rights under the Eighth and Fourteenth Amendments by hitting a deer with the van, failing to report the incident, and failing to get the Plaintiff medical care.[1] (Dkt. No. 1 at 4-6.) As characterized by the Plaintiff, "the essence of the Plaintiff's cause of action is that the [sic] Defendants Bradsher and Shaw did not notify police or call an ambulance after hitting the deer. All other disputable issues in this matter are irrelevant." (Dkt. No. 57-1 at 3 n.1.)

The Plaintiff alleges that the Defendants violated his Eighth Amendment right to be free from "cruel and unusual punishments." (Dkt. No. 1.); U.S. CONST. amend VIII. To bring a claim alleging prison doctors inflicted cruel and unusual punishment by inadequately attending to medical needs a plaintiff must "must, at a minimum, allege 'deliberate indifference' to his 'serious' medical needs." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal citations omitted).

---

[1] In subsequent filings with the court, the Plaintiff has made additional allegations regarding his medical care in SCDC after this collision. For example, the Plaintiff alleges that "Nurse William Smith" was deliberately indifferent to his serious medical needs because the Plaintiff was not referred to an "outside physician." (Dkt. No. 57-1 at 17.) The Plaintiff additionally alleges that he was never seen by a chiropractor, that the nurses at SCDC "could not detect" his injury, and that the nurses at SCDC "failed to refer him to an outside physician to get an accurate opinion for his pain." (*Id.* at 5, 22.) None of the Plaintiff's allegations regarding his medical treatment after he returned to ECI relate to the Defendants in this case. None of the medical staff at ECI are parties to this lawsuit. These allegations are irrelevant to the Plaintiff's claims. The Plaintiff is not permitted to state new claims against new parties in a motion for summary judgment or a response to a motion for summary judgment. *Hampton v. Edgerton*, No. 4:14-CV-04697-JMC, 2015 WL 5254760, at *9 n.1 (D.S.C. Sept. 9, 2015), aff'd, 645 F. App'x 301 (4th Cir. 2016) ("to the extent [the plaintiff] is attempting to raise additional claims in his motions for summary judgment or in his response to the defendants' motions, such claims are not properly before the court and are not considered").

"It is *only* such indifference that can violate the Eighth Amendment; allegations of inadvertent failure to provide adequate medical care…simply fail to establish the requisite culpable state of mind." *Id.* (internal citations and quotations omitted) (emphasis in original). "The test for deliberate indifference has two parts. First, whether the deprivation of medical care was sufficiently serious (objective component) and second, whether there existed a culpable state of mind (subjective component)."[2] *Harden v. Green*, 27 F. App'x 173, 176 (4th Cir. 2001) (citing *Wilson*, 501 U.S. at 298). The fact that a plaintiff's medical complaint remains after treatment does not show deliberate difference as the Constitution does not mandate a cure. *Hooks v. Delany*, No. 2:12-cv-305-MGL-BHH, 2013 WL 353275, at *7 (D.S.C. Jan. 7, 2013) *report and recommendation adopted*, No 2:12-cv-0305-PMD, 2013 WL 353559 (D.S.C. Jan. 29, 2013) (citing *Armour v. Herman,* 1:05-cv-295-TLS, 2005 WL 2977761, at *3 (N.D.Ind. Nov.4, 2005) (holding "[t]he Eighth Amendment does not require medical success...."). "Deliberate indifference is a high standard; a showing of negligence will not suffice." *Bridges v. Keller*, 519 F. App'x 786, 787 (4th Cir. 2013) (citing Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999)).

As to the Plaintiff's claim that the Defendants are liable for hitting the deer, the Plaintiff has failed to state a claim under § 1983. It is well settled that negligence is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct. . . . "). In viewing the facts in the light most favorable to the Plaintiff, Defendant Bradsher was driving when "a deer jumped out of the ditch from the right side of the highway, and struck the van…." (Dkt. No. 57-1 at 3.) There

---

[2] The Fourth Circuit recognized that the test in *Wilson* applied to all §1983 Eighth Amendment claims in *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008).

are no allegations that Defendant Shaw had any involvement in the collision with the deer. The Plaintiff has failed to state any claim beyond negligence against the Defendants in regards to the collision with the deer and such a claim is not actionable under § 1983. Defendant Bradsher striking the deer was not deliberate indifference. Therefore, as to the Plaintiff's claim regarding the collision with the deer, there is no genuine issue of material fact, and the Defendants are entitled to judgment as a matter of law.

The Plaintiff asserts that Defendants Bradsher and Shaw violated his rights under the Eighth and Fourteenth Amendments by failing to seek medical attention at the time of the collision with the deer. (Dkt. No. 1 at 4-6.) Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Estelle v. Gamble,* 429 U.S. 97, 105 (1976). To show deliberate indifference, a treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir.1990). "[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir.2010) (internal quotation marks & citation omitted) (alterations in original); *see also Wright v. Collins,* 766 F.2d 841, 849 (4th Cir.1985); *O'Connor v. Pierson,* 426 F.3d 187, 202 (2d Cir.2005) ("Lay people are not qualified to determine ... medical fitness, whether physical or mental; that is what independent medical experts are for."); *Dulany v. Carnahan,* 132 F.3d 1234, 1240 (8th Cir.1997) ( "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."); *Fleming v. Lefevere,* 423 F.Supp.2d 1064, 1070 (C.D.Cal.2006) ("Plaintiff's own opinion as to

the appropriate course of care does not create a triable issue of fact because he has not shown that he has any medical training or expertise upon which to base such an opinion.").

"To establish a claim for denial of medical care against non-medical personnel, a prisoner must show that they failed to promptly provide needed medical treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct." *Vinson v. U.S. Marshals Serv.*, No. 0:10-cv-79-RMG-PJG, 2011 WL 3903057, at *8 (D.S.C. July 29, 2011), *report and recommendation adopted*, No. 0:10-79-cv-RMG, 2011 WL 3903199 (D.S.C. Sept. 2, 2011), *aff'd,* 459 F. App'x 221 (4th Cir. 2011) (citing *Miltier v. Beorn,* 896 F.2d 848, 854 (4th Cir.1990)).

The facts and claims in *Vinson* are strikingly similar to the facts and claims in the case at bar. Mr. Vinson was a federal prisoner being transported by the U.S. Marshals Service in a transport van.[3] *Vinson v. U.S. Marshals Serv.*, No. 0:10-cv-79-RMG-PJG, 2011 WL 3903057, at *1 (D.S.C. July 29, 2011). Mr. Vinson alleged that Mr. Cranford, a defendant in the action, was driving too fast and switching lanes to avoid hitting another vehicle. *Id.* Mr. Vinson stated, as does the Plaintiff in the case at bar, that he was seated in the back of the van with handcuffs and leg irons but was not wearing a seatbelt. *Id.* Mr. Vinson alleges that he hit the left side of his head, cut his left wrist, hit his left knee, scraped his right knee, and twisted his back and neck when he was thrown in the back of the van due to Cranford's actions while driving. *Id.* Mr. Vinson stated "that the individual defendants assisted him up, placed him back in his seat,

---

[3] The Plaintiff in *Vinson* brought suit under the Eighth Amendment pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). As noted by the court in *Vinson*, the analysis of a prisoner's medical needs under the Eighth Amendment is analgous under *Bivens* and § 1983. *Vinson,* No. 0:10-cv-79-RMG-PJG, 2011 WL 3903057, at *7 (D.S.C. July 29, 2011); *see also Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (describing actions under 42 U.S.C. § 1983 against state officials as "counterparts" to *Bivens* actions against federal officials). Mr. Vinson brought claims under the Federal Tort Claims Act as well.

buckled him in, and put his shoes back on." *Id.* Mr. Vinson alleged that he requested medical attention at that time. *Id.* In the case at bar, the Plaintiff alleges he requested medical attention at the time if the incident. (Dkt. No. 37 at 2.) The Defendants in the case at bar deny he requested medical attention. (Dkt. No. 29-3 at 2.) Mr. Vinson stated "that the defendants returned him to Alvin S. Glenn Detention Center where he was treated by the detention center's medical center, rather than taking him to the hospital." *Vinson*, No. 0:10-cv-79-RMG-PJG, 2011 WL 3903057, at *1 (D.S.C. July 29, 2011). Mr. Vinson additionally claimed that his medical treatment was inadequate at the detention center. *Id.* Mr. Vinson speculated "that if the defendants had taken him to a hospital for treatment he would not still be in pain." *Id.*

The district court, in adopting the magistrate judge's Report and Recommendation, in *Vinson* held that,

> Plaintiff's sole allegation against the Individual Defendants [including the van driver] concerning his medical claim is that he was transported to the detention center to receive medical care instead of a hospital. Plaintiff alleges that the Individual Defendants were negligent, which is not sufficient to support the allegation of deliberate indifference on the part of the Individual Defendants. *See Estelle,* 429 U.S. at 106. Further, while the basis of Plaintiff's medical claim appears to challenge the treatment he received at the detention center and at later facilities, none of the medical providers are defendants in this matter. The evidence provided by Plaintiff does not support a claim that the Individual Defendants were deliberately and intentionally indifferent towards Plaintiff's medical needs.

*Vinson v. U.S. Marshals Serv.*, No. 0:10-cv-79-RMG, 2011 WL 3903199, at *5 (D.S.C. Sept. 2, 2011), *aff'd,* 459 F. App'x 221 (4th Cir. 2011).[4] The court additionally held that "the failure to

---

[4] Other courts within the Fourth Circuit have similarly held that an inmate does not have a constitutional right to choose his medical treatment following an automobile accident during transport. *See Abdallah v. Sheriff of New Hanover Cty.*, No. 5:10-CT-3193-D, 2012 WL 844634, at *4 (E.D.N.C. Mar. 12, 2012) (holding that "[a]lthough [the pretrial detainee plaintiff] would have preferred that authorities call an ambulance and take him to the hospital immediately after the accident [instead of transporting him back to the detention center for examination by medical personel], he has not stated a constitutional violation concerning his medical care against [the driver] and the claim is dismissed.").

9

restrain a prisoner with a seatbelt alone does not rise to the level of a constitutional violation." *Vinson*, No. 0:10-cv-79-RMG, 2011 WL 3903199, at *5 (D.S.C. Sept. 2, 2011), *aff'd*, 459 F. App'x 221 (4th Cir. 2011) (citing *Dexter v. Ford Motor Co.*, 92 Fed. Appx. 637, 642 (10th Cir.2004) ("We have identified no federal case holding that failure to seatbelt an inmate, standing alone, violates the Eighth Amendment")); *see also Young v. Michigan Dept. of Corrs.*, No. 04-cv-10309, 2007 WL 2214520 (E.D.Mich. July 27, 2007) ("Refusing to seat belt a prisoner during transport and then exceeding the speed limit does not constitute an 'excessive risk to inmate health or safety.' ") (quoting *Farmer*, 511 U.S. at 837); *Jones v. Collins*, No. 05cv-663-JPG, 2006 WL 1528882, at *2 (S.D.Ill. June 1, 2006) (stating that allegation of "reckless driving or the failure to fasten seatbelt ... present, at best, claims of negligence, but a defendant can never be held liable under § 1983 for negligence").

The Plaintiff has failed to show that any genuine issue of material fact exists in this case. The Defendants' decision to return the Plaintiff to ECI rather than call an ambulance does not rise to the level of deliberate indifference. The Plaintiff has not shown any evidence that the Defendants "failed to promptly provide needed medical treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct." *Vinson v. U.S. Marshals Serv.*, No. 0:10-cv-79-RMG-PJG, 2011 WL 3903057, at *8 (D.S.C. July 29, 2011), *report and recommendation adopted*, No. 0:10-79-cv-RMG, 2011 WL 3903199 (D.S.C. Sept. 2, 2011), *aff'd,* 459 F. App'x 221 (4th Cir. 2011). The Plaintiff concedes that he was seen by a nurse the morning following the collision. (Dkt. No. 37 at 2-3.) The Plaintiff does not dispute that he was given ibuprofen on the evening of the collision. (Dkt. No. 29-5 at 2.) The Plaintiff did not have any constitutional right to choose where he received medical care.

The Plaintiff argues that the Defendants breached SCDC policy by not having him sign a form refusing medical treatment at the time of the collision. (Dkt. No. 57-1 at 13.) A breach of SCDC policy does not rise to a constitutional violation. *See United States v. Caceres*, 440 U.S. 741 (1978); *see also Keeler v. Pea*, 782 F.Supp. 42, 44 (D.S.C.1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

The Plaintiff alleges that he suffers from "major headaches, neck, and back pain" as well as high blood pressure as a result of the accident. (Dkt. No. 37 at 3.) There is no evidence outside the Plaintiff's own opinion that his high blood pressure was caused by the Defendants. "An Eighth Amendment violation only occurs, however, if the delay results in some substantial harm to the patient… Thus, in order to defeat summary judgment on the delay issue, [the plaintiff] was obligated to establish that the delay in his [treatment] caused him substantial harm." *Webb v. Hamidullah*, 281 F. App'x 159, 166 (4th Cir. 2008). The record contains no evidence that the Plaintiff was substantially harmed by a delay in treatment. The Plaintiff has not shown that any of his pain or high blood pressure are related to the Defendant's decision to take him to ECI instead of the hospital or that he had any serious medical need to which the Defendants were deliberately indifferent.

The Plaintiff asserts that Defendants Bradsher and Shaw violated his rights under the Eighth and Fourteenth Amendments by failing to report the incident. (Dkt. No. 1 at 4-6.) The Plaintiff argues that Defendant Bradsher and Shaw attempted to "cover up" the collision with the deer by not calling the police at the time of the incident. (Dkt. Nos. 57-1 at 23; 37 at 3-9.) The Plaintiff has failed to state an actionable claim against Defendants Bradsher and Shaw. "If there is no violation of a federal right, there is no basis for a section 1983 action…." *Clark v. Link*,

855 F.2d 156, 161 (4th Cir. 1988). A violation of SCDC policy or state law is not necessarily actionable under § 1983. *Keeler v. Pea*, 782 F.Supp. 42, 44 (D.S.C.1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983); *Love v. Peppersack*, 47 F.3d 120, 124 n. 5 (4th Cir.1995) ("violations of state law are not cognizable under § 1983."); *Gantt v. Whitaker*, 57 F. App' x 141, 146 (4th Cir.2003) (declaring that " § 1983 does not provide redress for violations of state law" (citing *White v. Chambliss*, 112 F.3d 731, 738 (4th Cir.1997))). Defendants Bradsher and Shaw's alleged failure to report the collision to the police or to SCDC is not actionable under § 1983.

### Claims Against Defendant Eagleton

The Plaintiff brings claims against Warden Willie L. Eagleton in his official capacity.[5] Only one sentence in the Complaint contains any allegation against Defendant Eagleton. (Dkt. No. 1. at 5.) The Complaint states, "Warden Eagleton is responsible for the defendants." (*Id.*) The Plaintiff seeks monetary damages against all of the Defendants. (*Id.* at 6.) In his response to the Defendants' Motion for Summary Judgment, the Plaintiff argues that Defendant Eagleton "is legally responsible for the over all [sic] operation of this particular prison….In other words-he is just as much at fault." (Dkt. No. 37 at 8.) The Plaintiff added the allegation that Defendant Eagleton was deliberately indifferent to his serious medical needs by failing to retain adequate healthcare personnel. (Dkt. No. 57-1 at 15-16.)

The Plaintiff's claim against Defendant Eagleton fails for two reasons. Defendant Eagleton is immune from suit under § 1983 in his official capacity for monetary damages.

---

[5] The Plaintiff unequivocally sues Defendant Eagleton in his official capacity as stated in the caption of the case (Dkt. No. 1 at 1) and the identification of Defendant Eagleton in the Complaint (Dkt. No. 1 at 3).

12

Additionally, the claim against Defendant Eagleton appears to be brought under the theory of *respondeat superior* or vicarious liability, which are generally not applicable in § 1983 actions.

The Eleventh Amendment provides: "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State or by citizens or subjects of any foreign state." In enacting 42 U.S.C. § 1983, Congress did not intend to override the doctrine of States' sovereign immunity found in the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67 (1989). As the Supreme Court stated in *Will*,

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

*Will*, 491 U.S. at 66 (citation omitted). Although state officials "literally are persons," "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," which is "no different from a suit against the State itself." *Id.* at 71.

The Eleventh Amendment does not bar § 1983 suits against state officials sued in their individual capacities. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991) (("We hold that state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts."); *see also Lizzi v. Alexander*, 255 F.3d 128, 137 (4th Cir. 2001) (overruled in part on other grounds by *Nevada Dep't. of Human Resources v. Hibbs*, 538 U.S. 721 (2003)). However, the Plaintiff repeatedly noted that he brings this claim against Defendant Eagleton in his official capacity. The

13

Plaintiff's claim against Defendant Eagleton in his official capacity is barred by the Eleventh Amendment, and Defendant Eagleton is entitled to summary judgment as a matter of law.

Even if the Plaintiff's claim against Defendant Eagleton is construed as being against Defendant Eagleton in his personal capacity, the claim fails. The doctrines of vicarious liability and *respondeat superior* are generally not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-29 (4th Cir. 1977); *see also Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978) (holding "that a municipality cannot be held liable *solely* because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory"). However, "supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). In such a case, liability "is not premised on *respondeat superior*, but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Id.* (citations omitted). A plaintiff in a supervisory liability case "assumes a heavy burden of proof," as the plaintiff "not only must demonstrate that the prisoners face a pervasive and unreasonable risk of harm from some specified source, but he must show that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices." *Id.* at 373 (internal quotation marks and citations omitted). Generally speaking, a plaintiff cannot satisfy this heavy burden of proof "by pointing to a single incident or isolated incidents," but "[a] supervisor's continued inaction in the face of documented widespread abuses . . . provides an independent basis for finding he either was deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates." *Id.* (citations omitted).

As noted above and when viewing the facts in the light most favorable to the Plaintiff, he did not suffer any constitutional injury. Whatever injury he may have suffered was not caused by "supervisory indifference or tacit authorization of subordinates' misconduct." *Slakan*, 737 F.2d at 372. The Plaintiff's argument is based purely on *respondeat superior*. (Dkt. No. 37 at 8.) The Plaintiff has failed to state a cognizable claim against Defendant Eagleton, and Defendant Eagleton is entitled to summary judgement as a matter of law.

The Plaintiff's claim that ECI does not contain medical personnel sufficient to meet the needs of the inmate population is not supported by any evidence in the record. The Plaintiff has not provided any support for this assertion. To the contrary, the Plaintiff was seen by medical staff in the prison at least 25 times in the seven months following the incident. (Dkt. No. 29-5 at 2-6.) Additionally, the Plaintiff did not bring this claim in his complaint, but instead is attempting to add the claim in his Memorandum in Support of Motion for Summary Judgment on Behalf of Plaintiff Pursuant to Rule (56) Fed. R. Civ. P. (Dkt. No. 57-1.) Defendant Eagleton is entitled to summary judgement as a matter of law.

## **Conclusion**

Based on the forgoing, this court RECOMMENDS that the Defendants' Motion for Summary Judgment (Dkt. No. 29) be GRANTED as to all claims against all Defendants. This court further RECOMMENDS that the Plaintiff's Motion for Summary Judgment Pursuant to Rule 56 Fed. R. Civ. P. (Dkt. No. 38) and the Plaintiff's Motion for Summary Judgment (Dkt. No. 57.) be DENIED.

IT IS SO RECOMMENDED.

May 11, 2017

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).